IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ROBERT GONZALES, individually,
and by and through his next friends
and guardians, David and Christina Romero,

    Plaintiff,

v.                                        No. 09-CV-21 JP/GBW

MIKE MARQUEZ, BRIAN SANCHEZ,
and RENEE DOLAN, in their individual
and official capacities as police officers, and the
CITY OF ALBUQUERQUE;

FLOYD GONZALES, RONALD TORRES, and
JOHN DOES 1-2, in their individual and official
capacities as Metropolitan Detention Center employees,
and the BOARD OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

On September 14, 2009, Plaintiff Robert Gonzales filed Plaintiff's Motion for Partial Summary Judgment as to Liability Under the Fourth Amendment for the Initial False Arrest ("Motion")(Doc. No. 45).[1] Then, on October 13, 2009, Defendants Mike

---

[1] The Court pauses to note the somewhat peculiar procedural posture of Plaintiff Gonzales' Motion. Specifically, the parties completed briefing Gonzales' Motion for Partial Summary Judgment on October 16, 2009 (Notice of Completion of Briefing, Doc. No. 64), but during the time Gonzales' Motion was pending, Gonzales' filed his First Amended Complaint (Doc. No. 82). Having reviewed the relevant portions of both Gonzales' original Complaint (Doc. No. 1) and his First Amended Complaint (Doc. No. 82), the Court has determined that the claim against Defendants Marquez and Sanchez on which Gonzales now moves for partial summary judgment is substantially the same in both iterations of the complaint, although the theory of liability for that claim differs slightly. (*Compare* Complaint, Doc. No. 1, ¶ 100 *with* First Amended Complaint, Doc. No. 82, ¶ 117.) Accordingly, Gonzales' filing of his First Amended Complaint does not affect the Court's analysis of the claim on which Gonzales now moves for partial summary judgment.

Marquez and Brian Sanchez filed Defendants Marquez and Sanchez' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Liability Under the Fourth Amendment for the Initial False Arrest and Memorandum in Support Thereof (Doc. No. 60).  Finally, on October 16, 2009, Plaintiff Gonzales filed his Reply Brief to Defendants' [sic] Marquez and Sanchez Response to Plaintiff's Motion for Summary Judgment as to Liability Under the Fourth Amendment for the Initial False Arrest (Doc. No. 63).[2]

The Tenth Circuit Court of Appeals has observed that, "[t]he purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims." *Abdulhaseeb v. Calbone*, ___ F.3d ___, 2010 WL 1254350 * 16 (April 2, 2010, 10th Cir.)(citation omitted).  Additionally, it is axiomatic that even if the Court determines there is evidence to support a party's factual claims, those factual claims must actually support a cognizable cause of action and the moving party's entitlement to summary judgment on that cause of action.  *See* Fed. R. Civ. P. 56 (c).  The Court conducts this latter inquiry viewing "the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) (citation omitted).

In his Motion, Plaintiff states that he is moving for partial summary judgment on his Fourth Amendment false arrest claim against Defendants Marquez and Sanchez. (Mot. at 1.)  As he explains in the introduction to his Motion, Plaintiff alleges that

---

[2] Although Plaintiff's Motion was fully briefed as of October 16, 2009, the undersigned was unaware of the Motion until after this case was recently reassigned.

Defendants Marquez and Sanchez "are officers and detectives of the Albuquerque Police Department [ ] who directed and caused the arrest of Plaintiff Robert Gonzales, and then conducted the custodial interrogation of the developmentally-disabled Plaintiff, without probable cause to believe he had committed a crime." (*Id.*)  Hence, it appears that Plaintiff's theory of liability against Defendants Marquez and Sanchez stems from those Defendants' purported role in directing the arrest of Plaintiff.  However, neither in the introduction to his Motion nor in the section of his Motion entitled "Statement of Material Facts" that follows the introduction section does Plaintiff point to any evidence in the record that supports his theory that Defendants Marquez and Sanchez directed other law enforcement officers to arrest Plaintiff. (*See* Mot. at 1-4.)   Furthermore, despite articulating general principles governing claims under the Fourth Amendment for unlawful arrest and police officers' potential liability for directing an unlawful arrest, Plaintiff fails to offer any argument or evidence connecting those general principles to this case.  Thus, without citations to any evidence in the record supporting his allegations that Defendants Marquez and Sanchez directed the arrest of Plaintiff or any legal argument related to the specific facts of this case, the Court does not have a sufficient basis on which to grant Plaintiff's Motion at this time.

      **IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Partial Summary Judgment as to Liability Under the Fourth Amendment for the Initial False Arrest (Doc. No. 45) is DENIED.

                                         _____
                                         SENIOR UNITED STATES DISTRICT JUDGE